**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**NANCY FLOURNOY, ET AL.**                                 **CIVIL ACTION**

**VERSUS**                                                          **NO. 15-5000**

**JOHNSON & JOHNSON, ET AL.**                            **SECTION "B"(2)**

### ORDER AND REASONS

Before the Court is Depuy Synthes Sales, Inc. and Synthes USA Products, LLC's (collectively referred to as "Synthes" or "Defendants") motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Rec. Doc. 38. Plaintiffs Nancy and David Flournoy (collectively referred to as "Plaintiffs" or "the Flournoys") timely filed an opposition memorandum. Rec. Doc. 42. Thereafter, the Court granted Defendants leave to file a reply memorandum. Rec. Doc. 46. For the reasons outlined below,

**IT IS ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case arises out of a surgical procedure performed on Nancy Flournoy at LSU Interim Public Hospital in which a "DHS/DCS Dynamic Hip and Condular Screw System" was implanted in her left hip. Rec. Doc. 28 at 3-4. Less than one year after the surgery, x-rays showed that that "the screws from the compression plate were broken and the plate separated from the femoral shaft." *Id*. Plaintiff's physicians were thus required to remove the implanted

1

devices. *Id*. at 4. Plaintiffs allege that, upon removal, it was discovered that the devices failed due to inherent defects. *Id*. Plaintiffs filed suit in this Court on October 6, 2016 seeking damages for a range of injuries, including but not limited to physical injuries, pain and suffering, disability, medical expenses, loss of earning capacity, and loss of enjoyment and quality of life. Rec. Doc. 1 at 20-21.

On March 4, 2016, Plaintiffs filed a First Amended Complaint naming only two defendants: Depuy Synthes Sales, Inc. and Synthes USA Products, LLC. Rec. Doc. 28 at 2. They alleged violations of the Louisiana Products Liability Act ("LPLA"), the warranty of redhibition, and the Louisiana Unfair Trade Practices Act and Consumer Protection Law ("LUTPA"), as well as claims for negligence, failure to warn, unjust enrichment, and loss of consortium. *Id*. at 5-18. The parties then stipulated to the dismissal of the following claims: breach of implied warranty, negligence, unjust enrichment, violation of the LUTPA, and the Plaintiffs' prayer for exemplary damages. Rec. Docs. 36, 37. Defendants then filed the present motion seeking dismissal of all of Plaintiffs' remaining claims.

## II. THE PARTIES' CONTENTIONS

The Defendants' primary argument is that the entire complaint should be dismissed for failure to state a claim under the Supreme Court's pleading standards outlined in *Bell Atlantic Corporation*

2

*v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Rec. Doc. 38-1 at 1. In the alternative, Defendants contend that several individual claims should still be dismissed: (1) either Count I or Count V as duplicative failure-to-warn claims; (2) the redhibition claim as an improper claim for personal injury; and (3) the loss of consortium claim as derivative of Nancy Flournoy's primary claims. *Id*.

In opposition, Plaintiffs argue that the pleadings are not closed and thus it would be premature to grant judgment on the pleadings under Rule 12(c). Rec. Doc. 41 at 1. Further, Plaintiffs maintain that their factual allegations are sufficient to withstand scrutiny under *Twombly* and *Iqbal*. *Id*. Finally, if the Court finds their allegations insufficient, they request time to permit discovery so that they can once again amend their complaint. *Id*. at 2. Accordingly, Plaintiffs urge this Court to deny the motion.[1]

In reply, Defendants reassert that their motion is ripe because pleadings are closed. Rec. Doc. 46 at 2. They also counter Plaintiffs' argument concerning the sufficiency of the allegations

---

[1] We note also that, throughout their response memorandum, Plaintiffs attempt to distract from the issues at hand by making vague allegations about Defendants misleading them and failing to cooperate in discovery. They also seek sanctions on these grounds. This Court will not consider such arguments in this context. If Plaintiffs had an issue with Defendants' compliance on discovery matters, they should have filed a motion to compel or some other form of discovery motion with the Magistrate Judge. Further, Plaintiffs' request for Rule 11 sanctions is procedurally deficient and thus not properly before the Court. *See* Fed. R. Civ. P. 11(c)(2).

by pointing to outdated law cited in Plaintiffs' brief. *Id*. at 2-4. Further, Defendants argue that Plaintiffs' allegation of a screw fracture, standing alone, is insufficient to survive a Rule 12(c) motion. *Id*. at 4-6. Lastly, they claim that discovery is irrelevant to the present motion, meaning Plaintiffs' request for further discovery should be dismissed. *Id*. at 6-9.

### III. LAW AND ANALYSIS

#### a. Legal Standard

Rule 12(c) of the Federal Rules of Civil Procedure permits a party to move for judgment on the pleadings after the pleadings are closed but early enough so as not to delay trial. The standard for deciding a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is the same as that for a motion to dismiss under Rule 12(b)(6). *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). Accordingly, this Court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

4

misconduct alleged." *Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

### b. Plaintiff's LPLA Claims

Defendants move to dismiss Plaintiff's LPLA claims for failure to plead sufficient facts to survive analysis under *Twombly* and *Iqbal*. Defendants claim that Plaintiffs only provide a recitation of the elements of the causes of action without any factual support other than the allegation of a screw fracture. Plaintiffs erroneously cite abrogated law to argue that Defendants must demonstrate that Plaintiffs cannot prevail under "any set of facts" to succeed on their motion to dismiss. *See* Rec. Doc. 42 at 9; *Twombly*, 550 U.S. at 561-63. Plaintiffs further argue that the "defectiveness of the product is apparent [sic] reflected by the screws from the composition plate physically breaking and in turn, causing the entire plate to separate from the femoral shaft." Rec. Doc. 42 at 11.[2]

---

[2] The Court acknowledges Plaintiffs' argument that pleadings are not closed so as to make Rule 12(c) applicable, but we find this argument clearly meritless. *See Beall Legacy Partner, L.P. v. City of Waxahachie, Tex.*, No. 05-1942, 2006

5

To state a claim under the LPLA, a plaintiff must allege that: (1) the defendant is the manufacturer of a product; (2) the product has a characteristic that renders it unreasonably dangerous; (3) the plaintiff's damage was proximately caused by that unreasonably dangerous characteristic; and (4) the damage rose from a reasonably anticipated use of the product by the claimant or another person or entity. LA. STAT. ANN. § 9:2800.54(A). A product qualifies as unreasonably dangerous if and only if:

> (1) The product is unreasonably dangerous in construction or composition as provided in R.S. 9:2800.55; (2) The product is unreasonably dangerous in design as provided in R.S. 9:2800.56; (3) The product is unreasonably dangerous because an adequate warning about the product has not been provided as provided in R.S. 9:2800.57; or (4) The product is unreasonably dangerous because it does not conform to an express warranty of the manufacturer about the product as provided in R.S 9:2800.58.

*Id*. at § 2800.54(B). The primary issues with Plaintiffs' LPLA claim is that it fails to allege sufficient facts to support the unreasonably dangerous element.

With respect to Plaintiffs' defective construction claim, the Amended Complaint includes no factual allegations as to how the product at issue deviated from the manufacturer's specifications

---

WL 353471, at * 1 (N.D. Tex. Feb. 16, 2006) ("Rule 7(a) provides that the pleadings are closed upon the filing of a complaint and an answer (absent a court-ordered reply), unless a counterclaim, cross-claim, or third-party claim is interposed, in which event the filing of a reply to a counterclaim, cross-claim answer, or third-party answer normally will mark the close of the pleadings.").

6

or performance standards. The defective construction or composition claim is therefore insufficiently pled. *See* La. Stat. Ann. § 9:2800.55; *Watson v. Bayer Healthcare Pharmaceuticals, Inc.*, No. 13-212, 2013 WL 1558328, at *4 (E.D. La. Apr. 11, 2013) (finding that allegations of defective construction must include facts about the condition or suggest how it deviated from its intended design). With respect to the defective design claim, the Amended Complaint does not include sufficient allegations concerning an alternative design that could have prevented the damage. Instead, Plaintiffs only summarily conclude that "[t]here existed an alternate design for the product that was capable of preventing the Plaintiff's damages." Rec. Doc. 28 at 5. It is thus insufficient as only a formulaic recitation of the elements of the cause of action. *See* La. Stat. Ann. § 9:2800.56; *Watson*, 2013 WL 15558328 at *4-5 (finding that a claim of defective design must include factual allegations as to how the design is defective and what aspect of the design caused injury).

Plaintiffs' inadequate warning claim is also deficient because it includes no allegations suggesting how the lack of warning caused or led to Mrs. Flournoy's injuries.[3] *See* La. Stat. Ann. § 9:2800.57. *See also Kennedy v. Pfizer, Inc.*, No. 12-1858,

---

[3] For this same reason, we also find it necessary to dismiss Plaintiff's duplicative failure to warn claim under Count V. Plaintiffs' response to the Defendants' argument for dismissal of this duplicative claim is nonsensical and does not merit further discussion. *See* Rec. Doc. 42 at 19-20.

7

2013 WL 4590331, at *5 (W.D. La. Aug. 28, 2013) (noting that plaintiffs must articulate a causal connection and that the court will not presume such facts). Finally, Plaintiff's breach of express warranty claim is insufficient because it does not identify the contents of any warranty or identify how that warranty induced the Plaintiff to use the product.[4] *See* LA. STAT. ANN. § 9:2800.58. *See also Aucoin v. Amneal Pharmaceuticals, LLC*, No. 11-1275, 2012 WL 2990697, at *11 (E.D. La. July 20, 2012).

Plaintiffs' LPLA claims are a prime example of the sort of conclusory pleadings that *Twombly* and *Iqbal* sought to prohibit. The only true factual allegations are: (1) that the Defendants designed, manufactured, and sold the implant; (2) that an October 14, 2015 x-ray revealed that the screws from the compression plate were broken and that the plate separated from the femoral shaft; and (3) the physicians were forced to remove the implant devices. Rec. Doc. 28 at 3-4. All other "factual allegations" are fairly described as bare legal conclusions that are presented so as to provide "a formulaic recitation" of the elements of the invoked cause of action. Plaintiffs expect this Court to presume the facts based upon their recitation of the relevant elements. This we cannot do. *See Kennedy*, 2013 WL 4590331, at *5. The Flournoys LPLA

---

[4] The Court notes that Plaintiffs also pled breach of implied warranty under the LPLA. Rec. Doc. 28 at 10. However, such a claim is not cognizable under the LPLA. *See* LA. STAT. ANN. § 9:2800.54. *See also Jefferson v. Lead Industries Ass'n, Inc.*, 106 F.3d 1245, 1251 (5th Cir. 1997); *Ingram v. Bayer Corp.*, No. 02-0352, 2002 WL 1163613, at *2 (E.D. La. May 30, 2002).

8

claims therefore fail to meet the requisite pleading standards and must be dismissed.

Plaintiffs alternatively request time to conduct discovery and subsequent leave to amend or supplement their first amended complaint. Rec. Doc. 42 at 12, 14, 16, 17. "Ordinarily, Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings . . . but it does not apply if an amendment would require the modification of a previously entered scheduling order. Instead, Rule 16(b) governs the amendment of pleadings 'after a scheduling order's deadline to amend has expired.'" *Filgueira v. United States Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (internal citations omitted). Here, the deadline for amending pleadings was February 15, 2016. Rec. Doc. 24. Thus, under Rule 16(b)(4), a "schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4); *see also Gentilello v. Rege*, 627 F.3d 540, 546 (5th Cir. 2010). "It requires a party 'to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008) (citing *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). "Four factors are relevant to good cause:  '(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance

to cure such prejudice.'" *Id.* (quoting *Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003)).

Here, Plaintiffs do not show good cause or even address the Fifth Circuit's four-part test. *See O'Quin v. Gautreaux*, No. 14-98, 2016 WL 3538377, at *4 (M.D. La. June 22, 2016) (citing *Wachovia Bank, Nat'l Ass'n v. Schlegel*, No. 09-1322, 2010 WL 2671316, at *3 (N.D. Tex. June 30, 2010)). Plaintiffs do argue that Defendants misled them about the proper defendants. Rec. Doc. 42 at 4-5. Specifically, Plaintiffs claim that Defendants told them prior to filing their amended complaint that those parties named in the amended complaint were the proper parties. *Id.* at 5. However, in their Rule 12(c) motion, Defendants admitted that a different entity was responsible and noted that the parties were working on a joint stipulation to substitute the appropriate entity. Rec. Doc. 38-1 at 5-6, n. 1. Nonetheless, Plaintiffs do not explain how this "apparent misrepresentation" has interfered with their ability to state a valid cause of action under the LPLA.

The deadline for amending pleadings was five and a half months before Defendant filed this Rule 12(c) motion for judgment on the pleadings. Rec. Doc. 24. Despite the February 15, 2016 deadline for amending pleadings, this Court granted Plaintiffs leave to file an amended complaint on March 4, 2016. Rec. Doc. 27. The amended complaint fails to state sufficient factual allegations to survive Defendants' Rule 12(c) motion. In their opposition to

10

Defendants' motion, Plaintiffs "failed to apprise [this Court] of the facts that [they] would plead in an amended complaint, if necessary, to cure any deficiencies in [their] pleadings. Moreover, [Plaintiffs] failed to tender a proposed Amended Complaint setting forth these facts." *Gentilello*, 627 F.3d at 546. "At some point a court must decide that a plaintiff has had a fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Id.* (quoting *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986)).

### c. Plaintiff's Redhibition Claim

While redhibition is not available as a theory of recovery for personal injury against a manufacturer, it is still a viable action against the manufacturer to recover for pecuniary loss. *Jefferson*, 106 F.3d at 1251. Defendants contend that Plaintiffs' Amended Complaint fails to properly state a claim for redhibition because it does not allege the first required element: "that the alleged defect rendered the subject device absolutely useless or its use so inconvenient that it must be supposed that Ms. Flournoy would not have bought it had she known of the defect." Rec. Doc. 38-1 at 13-14 (internal alterations and quotation marks omitted). Alternatively, if the Court finds the claim adequately pled, Defendants urge the Court to dismiss it to the extent it seeks to

11

recover for personal injuries. *Id*. at 14. Plaintiffs maintain that their redhibition claim is adequately pled.

We find the Amended Complaint minimally sufficient to state a claim for redhibition. While Defendants argue that the first element is not sufficiently pled, Plaintiffs' Complaint specifically states that: "Had Plaintiff been aware of the defects contained in the subject implant devices, she would not have purchased or allowed implanting said implant devices. Said characteristics rendered the implant devices unfit for their intended purpose." Rec. Doc. 28 at 14. Previously, Plaintiffs identified the broken screws, which they apparently deem to constitute the defective characteristic in the device. Accordingly, the Amended Complaint just barely includes sufficient factual allegations to support the first element of redhibition by claiming that the implant was so inconvenient due to the defective screws that Mrs. Flournoy would not have purchased it if she had known of the defect. However, Defendants correctly argue that the claim must be dismissed to the extent it seeks relief for personal injuries. Plaintiffs' redhibition claim is only cognizable insofar as it seeks to recover for pecuniary loss. *See Jefferson*, 106 F.3d at 1251.

### d. Plaintiffs' Loss of Consortium Claim

Defendants also seek dismissal of Mr. Flournoy's loss of consortium claim because it is derivative of Mrs. Flournoy's

injury. Rec. Doc. 38-1 at 16. They argue that because all other claims must be dismissed, so must the derivative loss of consortium claim. However, we have already found that Plaintiffs' Amended Complaint has met the minimum pleading requirements with respect to the redhibition claim. Accordingly, Mr. Flournoy's loss of consortium claim remains pending to the extent it is consistent with the redhibition claim seeking pecuniary damages.

IV. <u>CONCLUSION</u>

For the reasons outlined above,

**IT IS ORDERED** that the motion is **DENIED** with respect to Plaintiffs' redhibition claim to the extent it seeks relief for pecuniary loss and with respect to the loss of consortium claim to the extent it is consistent with the redhibition claim. However, the motion is **GRANTED** in all other respects.

New Orleans, Louisiana, this 1st day of November, 2016.

_____
SENIOR UNITED STATES DISTRICT JUDGE